13-304
Zheng v. Holder

BIA
Zagzoug, IJ
A087 908 970

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand sixteen.

PRESENT:
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
GERARD E. LYNCH,
    *Circuit Judges*.
_____

HUI YING ZHENG,
    *Petitioner*,

    v.                                      13-304
                                            NAC
LORETTA E. LYNCH[1], UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.
_____

FOR PETITIONER:          Lee Ratner, Law Offices of Michael
                         Brown, Esq., New York, NY.

_____

[1]Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Carl McIntyre, Assistant Director; Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hui Ying Zheng, a native and citizen of the People's Republic of China, seeks review of an January 8, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") March 7, 2011, decision, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Ying Zheng*, No. A087 908 970 (B.I.A. Jan. 8, 2013), *aff'g* A087 908 970 (Immig. Ct. N.Y. City Mar. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009).

For applications such as Zheng's, governed by the REAL ID Act of 2005, the agency may, "considering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling.  *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based the adverse credibility determination on Zheng's inconsistent testimony and inconsistencies among her testimony, her witness's testimony and her documentary evidence.  As the agency found, the signatures on the letter from Zheng's church did not match her description, and the date of her baptismal certificate did not match the date provided by her witness.  The IJ reasonably rejected Zheng's explanation for the

3

inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Although Zheng submitted corroborating letters from her father and two fellow church members in China, the IJ reasonably found that evidence insufficient to establish Zheng's eligibility for relief absent credible testimony, because the authors were interested parties and unavailable for cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to documentary evidence lies largely within agency's discretion); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from "relatives and friends," because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Ultimately, the negative demeanor finding, inconsistencies between the testimony, witness testimony, and documentary evidence, and lack of corroborating evidence provide substantial evidence in support of the agency's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167.

The only evidence of a threat to Zheng's life or

4

freedom depended upon her credibility: the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

```
                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk
```